UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KASIM M. SAIDI,<br><br>       Plaintiff,<br><br> -against-<br><br>HOWARD STERN; FEDRAL GOVERNMENT U.S.A.,<br><br>       Defendants. | 1:23-CV-0386 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

 Plaintiff Kasim M. Saidi, of Brooklyn, Kings County, New York, filed this *pro se* action invoking the court's federal question jurisdiction; his amended complaint (ECF 3) is the operative pleading for this action. Plaintiff sues: (1) Howard Stern, a radio and television celebrity; and (2) the United States Government. Plaintiff asserts that the federal constitutional or federal statutory bases for his claims are: "[i]nvasion of privacy, harassment, mental anguish, humiliation, target for [p]ublic." (*Id.* at 2.) He seeks one billion dollars in damages, and also seeks "the ev[i]l tail away from [his] back and the situation [to] stop. . . . [He has] fe[lt] like a fugitive for decades." (*Id.* at 6.)

 Plaintiff alleges that the events giving rise to his claims occurred in his apartment in 1991. He also alleges the following:

> [Plaintiff] was [a] Howard Stern [r]adio show fan and [a] . . . KROCK music fan. [O]ne day[,] Howard said he is situated by Fed[e]ral government nobody says anything. [Plaintiff] went to work. [E]verybody [was] on [Plaintiff's] case, everybody knew [him]. [Plaintiff] tried different things to stop the situation from [him]. [He] kept on taking off from work because that was uncomfortable when everybody is on your case. [Plaintiff] couldn't stay in [his] apartment because [he] was bothered [he] was changing apartments. Finally somebody said he is feeling comfortable in this country. [A]ll [of a] sudden[,] [Plaintiff] was bothered ph[y]sically and [he] left [his] work and started going cross country looking for work but still bothered everywhere [he] lived. [He] couldn't get a job. [S]till [Plaintiff is] bothered and attacked by building manager and [Plaintiff is] a senior

> now 65 years old[.] [E]verywhere [he] went there is a tail following [him]. Hackers taking money from [his] bank account. [Plaintiff's] phone line is hacked. [In] 2018[,] [r]adio station 1010 [WINS] news radio unle[a]shed Hispanics, Pakistanis, Indians, Beng[ladeshis], Afghans and Black [p]eople [a]fter [him] as [his] enemies. They were stalking [him] even outside the country. Black people stalking [him] even now and [he is] only one person [he has] nobody helping [him] a senior and [he has] to get out of this country [he] only make[s] [$]838.00 Social Security.

(*Id.* at 5-6.).

Plaintiff asserts that he has suffered "humiliation, mental ang[u]ish, abuse as [a] senior[,] los[s] of 31 years [of] wages that [he] couldn't work since 2006." (*Id.* at 6.) He further alleges that he is "looking for work [but] cannot find [a job]." (*Id.*) In addition, Plaintiff states that he has "lost . . . 31 y[ou]nger years. [E]verybody very easily can throw a dart at [him] because [he is a] target." (*Id.*)

The Court understands Plaintiff's claims against the United States Government as claims against the United States of America brought under the Federal Tort Claims Act ("FTCA"). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

**A.     Venue for claims against the United States of America under the FTCA**

The relevant venue provision for claims against the United States of America under the FTCA provides that: "[a]ny civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Brooklyn, Kings County, New York, which lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). While it is possible that at least some of the events that are the bases for Plaintiff's claims occurred within

2

this federal judicial district, the Southern District of New York,[1] the only specific location where Plaintiff seems to allege that the events that are the bases for his claims occurred (and appear to be still occurring) is in Brooklyn, where he resides, in the Eastern District of New York. *See id.* Thus, while this court may be a proper venue for Plaintiff's claims under the FTCA, it is clear that the United States District Court for the Eastern District of New York is a proper venue for those claims.

**B.      Venue for the remainder of Plaintiff's claims**

The relevant venue provision for the remainder of Plaintiff claims can be found at 28 U.S.C. § 1391(b), which provides that such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under this venue provision, a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that Defendant Stern is a citizen of New York State (ECF 3, at 3), but he does not specify where Stern resides. Thus, it is unclear whether this court is a proper venue for Plaintiff's remaining claims under Section 1391(b)(1).

---

[1] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

In addition, as mentioned above, while it is possible that at least some of the events that are the bases for Plaintiff's claims occurred within this federal judicial district, the only specific location where Plaintiff seems to allege that those events occurred (and are still occurring) is in Brooklyn, where he resides. Thus, while it is unclear whether this court is a proper venue for Plaintiff's remaining claims under Section 1391(b)(2), it is clear that, under that provision, the United States District Court for the Eastern District of New York is a proper venue for those claims.

C.   **28 U.S.C. § 1404(a)**

Under 28 U.S.C. § 1404(a), even if a federal civil action is filed in a federal district court where venue is proper, that court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Plaintiff, who resides in Brooklyn, appears to allege that a significant portion of the events that are the bases for his claims have occurred (and are continuing to occur) in Brooklyn, in the Eastern District of

New York. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that federal judicial district. The United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 24, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge